Filed 8/15/22  P. v. Salceda CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B318331 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. MA071124 |
| HECTOR CAMPOS SALCEDA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge. Affirmed.

Richard D. Miggins, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Hector Campos Salceda appeals from an order denying his petition for resentencing under Penal Code[1] section 1170.95 (now § 1172.6).[2] His appellate counsel declared he was unable to find any arguable issues and asked us to proceed under *People v. Serrano* (2012) 211 Cal.App.4th 496. Some appellate courts have held that an appeal from a postconviction order may be dismissed as abandoned if counsel has found no arguable issues and the defendant has not filed a supplemental brief. (See, e.g., *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, review granted Oct. 14, 2020, S264278; *Serrano*, at p. 501.) After exercising our discretion to conduct a review of the merits of the appeal under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm the order.

## BACKGROUND

Salceda summarized the underlying facts from the probation report and the People's opposition to the resentencing petition which, in turn, summarized the facts set forth in our prior opinion affirming the judgment of conviction, *People v. Salceda* (Feb. 23, 2021, B298363) [nonpub. opn.] (*Salceda*). Our summary of the facts and procedural history are taken from *Salceda* and the record in this appeal.

This matter arises out of events occurring in March 2017 when Salceda shot and killed Jacob Sullivan. As described in

---

[1] All undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change to the text (Stats. 2022, ch. 58, § 10). For convenience, we refer to the former statute number throughout this opinion.

*Salceda*, he admitted killing Sullivan during a robbery. The People charged Salceda with murder (§ 187, subd. (a)), alleging he killed Sullivan during the commission of a robbery (§ 190.2, subd. (a)(17)). The People also alleged Salceda personally and intentionally fired a gun during the offense, causing Sullivan's death (§ 12022.53, subd. (d)). In April 2019, a jury found Salceda guilty of first degree murder and found true the gun and special circumstance robbery allegations. On May 14, 2019, the court sentenced Salceda to life imprisonment without the possibility of parole, plus 25 years to life for the gun enhancement.

After Salceda was charged with Sullivan's murder, our Legislature enacted Senate Bill No. 1437, which took effect on January 1, 2019, and added section 1170.95. That law " 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 842.)

On September 8, 2021, Salceda, representing himself, filed a three-page form petition for resentencing under section 1170.95. He requested the appointment of counsel for the resentencing process. On the form, Salceda checked Boxes 2a and 3 which alleged he was convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, and his murder conviction is no longer valid because of changes made to sections 188 and 189. A defendant is to check Box 5 if he has been convicted of first degree felony murder but could not now be convicted of that crime for

3

enumerated reasons. Salceda did not check Box 5. Salceda also left unchecked all the boxes under Box 5, including the box indicating that he "was not the actual killer."

The trial court appointed counsel for Salceda and ordered the People to respond to the petition. In their written opposition to the petition, the People argued that Salceda is ineligible for relief because the record of conviction showed he was the actual killer. Salceda—now represented by counsel—did not file a reply.

After reviewing the court file—including the jury's findings, Salceda's petition, and the People's opposition—the court denied the petition on February 8, 2022. The court explained that Salceda did not make a prima facie showing of entitlement to relief under section 1170.95 because he was "the actual killer in this case, and he did not indicate that he was not the actual killer."

Salceda filed a timely notice of appeal. On June 6, 2022, appointed counsel filed a brief in which counsel raised no issues and asked us to follow the procedures set forth in *Serrano*. On the same day, appointed counsel informed Salceda that his attorney and staff counsel for the Los Angeles California Appellate Project had failed to find any arguable issues and that Salceda had a right to file a supplemental brief with this court. To date, Salceda has not filed a supplemental brief.

## DISCUSSION

Because Salceda was convicted as the actual killer, he is ineligible for relief under section 1170.95 as a matter of law. (See § 1170.95, subd. (a)(3) [petitioner is eligible for relief only if, inter alia, "[t]he petitioner could not [now] be convicted of first or second degree murder because of changes to Section 188 or 189 made [by Senate Bill No. 1437]"]; *People v. Lewis* (2021) 11

4

Cal.5th 952, 959 ["the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who [inter alia] is not the actual killer' "].)

We have examined the entire record, and are satisfied appellate counsel has fully complied with counsel's responsibilities and no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *Wende, supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

ADAMS, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.